Commonwealth of Pennsylvania, Department of Environmental Resources *v.* Fleetwood Borough Authority, Appellant.

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Charles F. Fitzpatrick,* with him *Miller & Murray,* for appellant.

*Drew S. Dorfman,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, October 15, 1975:

The Fleetwood Borough Authority (Authority) appeals from a conviction and fine of $300 imposed by the Court of Common Pleas of Berks County as a result of an alleged violation of Section 202 of The Clean Streams Law.[1] We must affirm.

The Authority acknowledges in its "Statement of the Case," submitted in lieu of the entire printed record, that it violated the terms and conditions of a sewer permit issued to it in 1963 by the Sanitary Water Board and that the Department of Environmental Resources presented uncontradicted evidence before the lower court to establish that:

"(1)   Eighty-five percent of the organic pollution load as measured by the biochemical oxygen demand test was not removed by the Appellant although required by the terms and conditions of Appellant's sewerage permit;

"(2)   Other substances inimical to the public interest in the receiving stream were not removed by Appellant although required by the terms and conditions of Appellant's sewerage permit;

"(3)   The final effluent discharged into Willow Creek was not suitable although required to be suit-

---

1. Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.202.

able under the terms and conditions of the Appellant's sewerage permit."

Furthermore, the Authority has agreed that its discharge of improperly treated sewage caused a fish kill in Willow Creek on October 17 and November 7, 1973. Despite these concessions, however, the Authority argues that its actions do not constitute a violation of Section 202 of The Clean Streams Law such that the criminal sanctions imposed under Section 602(a), 35 P.S. §691.602(a) become applicable.

Section 202 provides:

"No municipality or person shall discharge or permit the discharge of sewage in any manner, directly or indirectly, into the waters of this Commonwealth unless such discharge is authorized by the rules and regulations of the board or such person or municipality has first obtained a permit from the department. Such permit before being operative shall be recorded in the office of the recorder of deeds for the county wherein the outlet of said sewer system is located and in case the municipality or person fails or neglects to record such permit, the department shall cause a copy thereof to be so recorded, and shall collect the cost of recording from the municipality or person. No such permit shall be construed to permit any act otherwise forbidden by any decree, order, sentence or judgment of any court, or by the ordinances of any municipality, or by the rules and regulations of any water company supplying water to the public, or by laws relative to navigation. For the purposes of this section, a discharge of sewage into the waters of the Commonwealth shall include a discharge of sewage by a person or municipality into a sewer system or other facility owned, operated or maintained by another person or municipality and which then flows into the waters of the Commonwealth. A discharge of sewage without a permit or contrary to the terms and con-

ditions of a permit or contrary to the rules and regulations of the board is hereby declared to be a nuisance."

Section 602(a) provides:

"(a) Any person or municipality who violates any provision of this act or any rule or regulation or order of the board or any order of the department issued pursuant to this act is guilty of a summary offense and, upon conviction, shall be subject to a fine of not less than one hundred dolars ($100) nor more than one thousand dollars ($1,000) for each separate offense, and, in default of the payment of such fine, the person, or if such person be a partnership, then the members thereof, or if such person be a corporation or association, then the officers, members, agents, servants or employes thereof, shall be imprisoned in the county jail for a period of sixty days."

The Authority's violation of the terms and conditions of its permit clearly constitutes a nuisance under Section 202 and as such is abatable in the manner described in Section 601(a), 35 P. S. §691.601(a). The Authority argues, however, that its activities have been merely declared nuisances and as such are not punishable under Section 602. We must disagree. The Authority here has not only violated its sewer permit but, in doing so, it has discharged substances for which it had no permit. A sensible interpretation of the first sentence of Section 202 requires a holding that it is unlawful for a person or municipality to discharge sewage for which no permit has been obtained. And inasmuch as the permit which the Authority had here apparently authorized only discharges from which the objectionable substances had been removed, we must conclude that the Authority had no permit to discharge sewage which had not been satisfactorily treated.

Moreover, we have no difficulty in accepting the conclusion that both the criminal penalties as well as the

abatement remedies may be applied against a violator of The Clean Streams Law. Section 701, 35 P. S. §691.701, clearly declares it the purpose of the act to provide additional and cumulative remedies to abate the pollution of the waters of this Commonwealth.

The lower court is, therefore, affirmed.