596 A.2d 892

**Dave SCARPONE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1990.

Decided Aug. 5, 1991.

Petition for Allowance of Appeal
Granted Nov. 7, 1991.

562

Robert J. Amelio, for appellant.

George Jugovic, Jr., Sp. Deputy Atty. Gen., for appellee.

Before McGINLEY and KELLEY, JJ., and BARRY, Senior Judge.

KELLEY, Judge.

David Scarpone, appellant, was employed as general manager of the Municipal and Industrial Disposal Company (MIDC). MIDC is owned by William Fiore and consists of a fly-ash disposal facility and a demolition waste disposal site in Elizabeth Township, Allegheny County. In 1979, Fiore decided to construct a lined pit for the placement of industrially generated wastes on the same site adjacent to the fly-ash disposal facility. The Department of Environmental Resources (DER) granted a permit to construct the pit. The permit required individual deposits of waste into the pit (waste streams) to be approved by DER. The pit contained an underground monitoring pipe that provided DER inspectors the ability to monitor the outfall of the pipe to determine if hazardous waste was leaking, causing pollution of the environment.

In 1982 and 1983, inspectors began to detect hazardous waste from the monitoring pipe and DER informed Fiore that no deposit approvals (Module 1 approvals) would be issued until the condition was resolved. In July of 1983, Scarpone directed other employees to surreptitiously alter the monitoring system by excavating the area around the outfall of the monitoring pipe and altering its flow. The intake of the original monitoring pipe was capped and a smaller pipe was installed to bring a trickle of uncontaminated water into the monitoring pipe.

DER inspectors discovered this alteration and criminal charges were filed against Scarpone and Fiore in the Court of Common Pleas of Allegheny County. Upon a jury trial, Scarpone was convicted of causing and assisting in the operation of a hazardous waste disposal facility without a permit in violation of the Solid Waste Management Act (SWMA),[1] obstructing the administration of law or other governmental function,[2] and conspiracy.[3] This appeal followed.[4]

Scarpone's first argument is that it was error for him to be charged in Count 1 of the criminal information with operating a waste disposal facility without a permit when Fiore possessed a permit for the facility. Scarpone argues that the only way he could be convicted of this offense is if the permit had been revoked. Count 1 reads as follows:

> The defendant Dave Scarpone did cause and assist in violations of the Solid Waste Management Act, to wit, the defendant caused and assisted in the alteration of monitoring pipes at a hazardous waste disposal facility in Elizabeth Township, Allegheny County operated without a permit from the Pennsylvania Department of Environmental Resources ('DER') for such alterations from 1983 until 1985, in violation of 35 P.S. § 6018.401(a), which assistance violates 35 P.S. § 6018.610(9) and is a felony of the second degree pursuant to 35 P.S. § 6018.606(f).

The Commonwealth argues that the modifications of the monitoring pipe created a facility not authorized by the permit. In other words, the Commonwealth's argument is that Fiore was acting beyond the scope of the permit and this justifies the charge of operating without a permit.

---

1. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101–6018.1003.

2. 18 Pa.C.S. § 5101.

3. 18 Pa.C.S. § 903.

4. Scarpone originally appealed to the Superior Court. The appeal was transferred sua sponte to this Court which has jurisdiction of the SWMA conviction pursuant to 42 Pa.C.S. § 762(a)(2)(ii). We may exercise jurisdiction over the related convictions under *Commonwealth v. Tyson,* 57 Pa.Commonwealth Ct. 569, 427 A.2d 283 (1981).

In wording Count 1, the Commonwealth relied on §§ 401(a), 606(f), and 610(9) of the SWMA. These sections read, respectively:

No person or municipality shall store, transport, treat, or dispose of hazardous waste within this Commonwealth unless such storage, transportation, treatment, or disposal is authorized by the rules and regulations of the department; no person or municipality shall own or operate a hazardous waste storage, treatment or disposal facility unless such person or municipality has first obtained a permit for the storage, treatment and disposal of hazardous waste from the department; and, no person or municipality shall transport hazardous waste within the Commonwealth unless such person or municipality has first obtained a license for the transportation of hazardous waste from the department.

35 P.S. § 6018.401(a).

Any person who stores, transports, treats, or disposes of hazardous waste within the Commonwealth in violation of section 401, or in violation of any order of the department shall be guilty of a felony of the second degree and, upon conviction, shall be sentenced to pay a fine of not less than $2500 but not more than $100,000 per day for each violation or to imprisonment for not less than two years but not more than ten years, or both.

35 P.S. § 6018.606(f).

It shall be unlawful for any person or municipality to:

. . . .

(9) Cause or assist in the violation of any provision of this act, any rule or regulation of the department, any order of the department or any term or condition of any permit.

35 P.S. § 6018.610. If the alteration of the monitoring pipe can be said to result in the operation of a hazardous waste facility without a permit under § 401(a), then Scarpone may be charged as an accomplice under § 610(9) to a second degree felony under § 606(f).

The Commonwealth cites two cases from this Court in support of its interpretation of these sections. In *Department of Environmental Resources v. Fleetwood Borough Authority,* 21 Pa.Commonwealth Ct. 349, 346 A.2d 867 (1975), this Court upheld a criminal conviction for violating The Clean Streams Law (Law) [5] where the borough authority had a sewer permit but discharged improperly treated water. Section 202 of the Law [6] declares that no person or municipality shall discharge sewage into the waters of the Commonwealth without first obtaining a permit. We concluded that the authority had no permit to discharge sewage which had not been satisfactorily treated.

In *Trevorton Anthracite Company v. Department of Environmental Resources,* 42 Pa.Commonwealth Ct. 84, 400 A.2d 240 (1979), this Court upheld civil penalties for the alteration of a waste treatment facility. Trevorton Anthracite Company had a permit to construct a large settling lagoon for the purpose of allowing suspended solids to settle out of the water before the water was discharged into a stream. In accordance with the permit, three weir boxes, with openings two inches below the surface of the water, were placed along the berm of the lagoon to allow the water to discharge. When two of the boxes became clogged, Trevorton replaced them with an overflow pipe which had an intake point a foot below the surface of the water. This Court upheld a conclusion that the company had violated § 308 of the Law [7] which makes it unlawful to construct or erect treatment works without a permit.

Both *Fleetwood Borough* and *Trevorton Anthracite* were decided under The Clean Streams Law and not the SWMA. In *Fleetwood Borough,* the criminal sanction was authorized by § 602 of the Law [8] which, at the time the case was decided, did not specifically provide a criminal penalty

5. Act of June 22, 1937, P.L.1987, *as amended,* 35 P.S. §§ 691.1–691.1001.

6. 35 P.S. § 691.202.

7. 35 P.S. § 691.308.

8. 35 P.S. § 691.602.

for violating the conditions of a permit. Section 602 did not set out criminal sanctions for specific violations of the Law, but merely provided penalties for any person who "violates any provision of this act or any rule or regulation or order of the board or any order of the department...." *Fleetwood Borough,* 21 Pa.Commonwealth Ct. at 352, 346 A.2d at 869. Similarly, in *Trevorton Anthracite* the civil penalties were authorized by § 605 of the Law [9] which, again, did not address specific violations but merely referred to a violation of the Law, a rule or regulation of the department, or an order of the department.

In contrast to the general nature of the penalty provisions in The Clean Streams Law when the General Assembly enacted the Solid Waste Management Act, it saw fit to give a more structured format to the penalty provisions. In § 606 of the SWMA, in addition to general criminal sanctions similar to those in The Clean Streams Law, § 606(d) establishes a third degree misdemeanor for the transportation of any hazardous waste to a facility which does not possess a permit to accept such waste; for the falsification of documents prepared for purposes of compliance with the act; and for the municipal storage of hazardous waste without a permit. Section 606(f) under which Scarpone was convicted establishes a second degree felony for violations of § 401 or any DER order. Section 401 requires that any person operating a hazardous waste facility obtain a permit.

Section 606(g) of the SWMA establishes a first degree felony for "[a]ny person who intentionally, knowingly or recklessly stores, transports, treats, or disposes of hazardous waste within the Commonwealth in violation of any provision of this act, and whose acts or omissions cause pollution, a public nuisance or bodily injury to any person...." Section 601 [10] provides that a violation of "any term or condition of any permit, shall constitute a public nuisance." Thus the SWMA has a specific provision providing a penalty for a violation of the conditions of a permit,

9. 35 P.S. § 691.605.
10. 35 P.S. § 6018.601.

something which the relevant statutory sections in *Fleetwood Borough* and *Trevorton Anthracite* lacked.[11]

■ There is no question that Scarpone's activities were reprehensible and deserving of punishment. The Commonwealth is constrained, however, to follow the legislature's dictates in pursuing criminal charges for this sort of conduct. We cannot help but conclude that the Commonwealth's interpretation of § 606(f) is strained at best. DER issued a valid permit for the waste disposal facility. The alteration of the monitoring pipe was clearly a violation of the conditions of the permit. But to say that the alteration resulted in the operation of a new facility which had not been permitted is to engage in a semantic exercise which we cannot accept. As a penal provision of a statute, § 606(f) must be strictly construed, 1 Pa.C.S. § 1928(b)(1), and we will not let its language be stretched to include activities which clearly fall in some other subsection. That is the case here where § 606(g) plainly establishes a first degree felony for violating the conditions of a permit. Accordingly, we must reverse the conviction of causing and assisting in the operation of a hazardous waste facility without a permit.[12]

■ Scarpone was also charged with obstructing a government function under 18 Pa.C.S. § 5101, which reads:

A person commits a misdemeanor of the second degree if he intentionally obstructs, impairs or perverts the administration of law or other governmental function by force, violence, physical interference or obstacle, breach of official duty, or any other unlawful act, except that this section does not apply to flight by a person charged with crime, refusal to submit to arrest, failure to perform

---

**11.** Sections 602 and 605 of The Clean Streams Law were later amended to add language concerning the violation of the conditions of a permit.

**12.** Because of our disposition of this issue, we need not address Scarpone's arguments that Count 1 failed to provide notice of the issues for trial and the charges to be defended, and that the Commonwealth was required to prove the culpable commission of the crime in order to obtain a felony conviction.

a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

Scarpone argues that he could not be convicted of this crime because there was no "affirmative interference with governmental functions". He seems to be arguing that there must be some sort of physical interference with the DER inspectors as they perform their duties in order for a violation under this section to occur. Scarpone cites no cases which support this theory, and we are satisfied that capping a monitoring pipe and diverting uncontaminated water into the pipe is affirmative interference with a governmental function and "physical interference or obstacle" which obstructs the administration of law. His conviction on this charge will therefore be affirmed.

Scarpone was charged in Count 6 (originally Count 9) with criminal conspiracy. Count 6 reads as follows:

> The defendant Dave Scarpone did, with the intent of promoting and facilitating its commission, agree with William Fiore and other persons known and unknown to engage in conduct prohibited by the Solid Waste Management Act of 1980 and the Crimes Code and did perform or cause to be performed overt acts in pursuit of this conspiracy, to wit, the defendant, with the intent to promote and facilitate illegal discharges and disposal of industrial, residual and hazardous wastes, agree with William Fiore and other persons known and unknown to engage personally and through the conduct of employees acting under his control and supervision in such activity and did perform numerous overt acts, including but not limited to the illegal disposal of residual and hazardous wastes and the alteration of piping systems under a hazardous waste facility in Elizabeth Township, Allegheny County, in violation of 18 Pa.C.S. § 903.

Scarpone argues that the count is invalid because it does not mention the specific section of the SWMA or a specific crime which was the subject of the conspiracy. He makes a

similar argument with respect to the trial judge's charge to the jury.

Because of our reversal of the conviction under Count 1, we must also reverse the conspiracy conviction. Scarpone could not be convicted of conspiracy to violate § 606(f) because the conduct which was allegedly the object of the conspiracy was not a crime under § 606(f). The Commonwealth neither charged nor attempted to prove conspiracy to commit a violation of § 606(g).

██ The trial judge explained in his opinion that instead of imposing consecutive sentences for each count, he chose to impose a single sentence for the Count 1 conviction, and no further sentence for the convictions on Counts 3 and 6. Under such circumstances, where the sentence for one count may have been influenced by the sentence imposed for a second count which is subsequently reversed, a remand is appropriate for resentencing. *Commonwealth v. Santiago,* 489 Pa. 527, 414 A.2d 1016 (1980) (where trial court imposed single consolidated sentence for three counts and one of the convictions was reversed, case was remanded for resentencing on remaining counts); *Commonwealth v. Padden,* 335 Pa.Superior Ct. 51, 483 A.2d 950 (1984) (remand for resentencing where the court could not say whether the trial court would have imposed the same sentences for two aggravated assault convictions if it had known that a third conviction would be invalidated); *Commonwealth v. Grassmyer,* 237 Pa.Superior Ct. 394, 352 A.2d 178 (1975) (where trial court merged indecent assault conviction into statutory rape conviction when sentencing defendant and statutory rape conviction was reversed, case was remanded for resentencing on indecent assault conviction); *Commonwealth v. Lockhart,* 223 Pa.Superior Ct. 60, 296 A.2d 883 (1972) (invalidation of conviction on one count which may have influenced the sentence on remaining counts resulted in remand for resentencing).

In summary, we reverse the trial court's judgment of sentence as to the convictions of operating a hazardous waste facility without a permit (Count 1) and conspiracy

(Count 6), and affirm as to the conviction of obstructing the administration of law or other governmental function (Count 3). We remand for resentencing.

## ORDER

NOW, this 5th day of August, 1991, the order of the Court of Common Pleas of Allegheny County, CC No. 8508741, dated April 10, 1987, is reversed with respect to the convictions of operating a hazardous waste facility without a permit (Count 1) and conspiracy (Count 6), and affirmed with respect to the conviction of obstructing the administration of law or other governmental function (Count 3). We remand for resentencing.

Jurisdiction relinquished.