STATE of Missouri, Respondent,

v.

Jeffrey R. FERGUSON, Appellant.

No. 75407.

Supreme Court of Missouri,
En Banc.

Nov. 22, 1994.

Melinda K. Pendergraph, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

LIMBAUGH, Judge.

A jury convicted Jeffrey Ferguson of first degree murder for his complicity in the death of Kelli Hall. The trial court, abiding the jury's recommendation, imposed the death sentence. Ferguson filed a motion for post-conviction relief under Rule 29.15, which was heard and overruled. This Court has jurisdiction of the appeal. *Mo. Const. art. V, § 3.* The conviction is reversed and remanded for a new trial.

Ferguson contends that the trial court committed reversible error in submitting a verdict director allowing the jury to find him guilty without finding that he deliberated as required under *§ 565.020, RSMo 1986,* the first degree murder statute. He explains that by charging the element of deliberation in the alternative—to either "defendant or [codefendant] Kenneth Ousley"—the jury was not required to find that defendant, himself, deliberated. The verdict director, Instruction No. 9, was submitted to the jury as follows:

### INSTRUCTION NO. 9

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 9, 1989 or February 10, 1989, in the County of St. Louis, State of Missouri, the defendant or Kenneth Ousley caused the death of Kelli Hall by strangling her, and

Second, that defendant or Kenneth Ousley knew or was aware that his conduct was practically certain to cause the death of Kelli Hall, and

Third, that defendant or Kenneth Ousley did so after deliberation, which means cool reflection upon the matter for any length of time no matter how brief,

then you are instructed that the offense of murder in the first degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of that offense of murder in the first degree, the defendant acted together with or aided Kenneth Ousley in committing that offense,

then you will find the defendant guilty of murder in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of murder in the first degree.

■ Ferguson specifically objected to this instruction "as being an incorrect statement of the law ... and for charging repeatedly throughout the body of the instruction in the alternative...." The trial court overruled the objection, but Ferguson neglected to raise the point in his motion for new trial. Ferguson now requests plain error review as both he and the State are under the impression that the point was not properly pre-

served. Under Rule 28.03, however, plain error review is not required. The rule states that "specific objections to given or refused instructions and verdict forms shall be required in motions for new trial unless made on the record at the time of trial." Because Ferguson made a specific objection on the record at trial, it was not necessary to raise the point in his motion for new trial, and the issue was adequately preserved.

■■■ On the merits, Ferguson's objection is well taken. Under *State v. Ervin*, 835 S.W.2d 905, 923 (Mo. banc 1992), and *State v. O'Brien*, 857 S.W.2d 212, 217 (Mo. banc 1993), the verdict directing instruction for first degree murder must ascribe the element of deliberation to the defendant specifically, even though the charge is premised on accessory liability. Although the conduct of a defendant may be imputed to a codefendant, the element of deliberation may not. *O'Brien*, 857 S.W.2d at 218. The rationale for this rule, though not expressly stated in *Ervin* or *O'Brien*, is that the failure to ascribe deliberation to the defendant relieves the State of its burden of proving the requisite mental state of the offense. An instruction that relieves this burden violates due process and constitutes error. *State v. Erwin*, 848 S.W.2d 476, 484 (Mo. banc 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993). In this case, paragraph third of Instruction No. 9 charges the element of deliberation alternatively to the "defendant *or* Kenneth Ousley" (emphasis added). Couching the instruction in the disjunctive by using "or" rather than "and" allows the jurors to find the element of deliberation even if they did not believe that defendant, himself, deliberated. It is in that way that the submission of Instruction No. 9 relieves the State of its burden of proof and, thus, constitutes error.

■ The State argues that an instructional error as to the mental element of an offense can, and does in this case, constitute harmless error. However, the rule is well-established that an instructional error "will be held harmless only when the court can declare its belief that it was harmless beyond a reasonable doubt." *Erwin*, 848 S.W.2d at 484. Moreover, when a "substantial issue exists regarding the defendant's state of mind, it is impossible to say the error is harmless beyond a reasonable doubt." *Id.*

In reviewing this case for harmless error, it is unnecessary to set out the evidence in detail. Suffice it to say that there were no witnesses to the murder, that neither Ferguson nor codefendant Ousley confessed, and that the proof of deliberation, as in most cases, was based entirely on circumstantial evidence. In this situation, there was a real possibility that the jury did not determine that Ferguson, himself, deliberated. Therefore, it cannot be said that the error was harmless beyond a reasonable doubt.

■ Alternatively, the State contends that *Ervin* and *O'Brien* are inapplicable to Ferguson's case because they were decided after Ferguson's trial. *Ervin* and *O'Brien* are silent on the retrospective application of their holdings. In such cases, if the holdings pertain to procedural matters, they are applied prospectively only; if they pertain to substantive matters, they are applied both prospectively and retrospectively. *State v. Walker*, 616 S.W.2d 48, 49 (Mo. banc 1981). Generally, however, retrospective application is limited to those cases "subject to direct appeal," *see, e.g., Erwin*, 848 S.W.2d at 484, or "to all pending cases not finally adjudicated," *see, e.g., State v. Stewart*, 832 S.W.2d 911, 914 (Mo. banc 1992); and is sometimes further limited to those cases where the issue has been preserved. *See, e.g., Erwin*, 848 S.W.2d at 484.

Under these rules, retrospective application is appropriate. The holdings of *Ervin* and *O'Brien*—that verdict directing instructions must ascribe deliberation specifically to the charged defendant—are undisputably substantive. Moreover, Ferguson's case was pending at the time *Ervin* and *O'Brien* were decided, and the instruction issue was preserved.

Having determined that the instruction issue is dispositive, Ferguson's remaining points need not be addressed. Furthermore, the appeal on the Rule 29.15 motion is moot.

The judgment of conviction is reversed and the case is remanded for new trial.

All concur.