## FIORE *v.* WHITE, WARDEN, ET AL.

No. 98–942.   Argued October 12, 1999—Decided November 30, 1999

BREYER, J., delivered the opinion for a unanimous Court.

*James Brandon Lieber* argued the cause for petitioner. With him on the briefs were *M. Jean Clickner* and *Harold Gondelman.*

*Robert A. Graci,* Assistant Executive Deputy Attorney General of Pennsylvania, argued the cause for respondents. With him on the brief were *D. Michael Fisher,* Attorney General, *pro se,* and *Andrea F. McKenna,* Senior Deputy Attorney General.*

JUSTICE BREYER delivered the opinion of the Court.

The Commonwealth of Pennsylvania convicted codefendants William Fiore and David Scarpone of violating a provision of Pennsylvania law forbidding any person to "operate a hazardous waste" facility without a "permit." Pa. Stat. Ann., Tit. 35, § 6018.401(a) (Purdon 1993) (reprinted at Appendix A, *infra*). Each codefendant appealed to a different intermediate state court, one of which affirmed Fiore's conviction, the other of which reversed Scarpone's. The Pennsylvania Supreme Court denied further review of Fiore's case, and his conviction became final. However, that court agreed to review Scarpone's case, and it subsequently held that the statutory provision did not apply to those who, like Scarpone and Fiore, possessed a permit but deviated radi-

---

*Saul M. Pilchen, Peter Goldberger,* and *Lisa Bondareff Kemler* filed a brief for the National Association of Criminal Defense Lawyers urging reversal.

A brief of *amici curiae* urging affirmance was filed for the State of Alabama et al. by *Bill Pryor,* Attorney General of Alabama, *Michael B. Billingsley,* Assistant Attorney General, *Dan Schweitzer,* and *Thomas R. Keller,* Acting Attorney General of Hawaii, and by the Attorneys General for their respective States as follows: *Bruce M. Botelho* of Alaska, *Janet Napolitano* of Arizona, *Mark Pryor* of Arkansas, *M. Jane Brady* of Delaware, *Robert A. Butterworth* of Florida, *James E. Ryan* of Illinois, *Thomas J. Miller* of Iowa, *Carla J. Stovall* of Kansas, *Don Stenberg* of Nebraska, *Frankie Sue Del Papa* of Nevada, *W. A. Drew Edmondson* of Oklahoma, *Hardy Myers* of Oregon, *Sheldon Whitehouse* of Rhode Island, *Charles M. Condon* of South Carolina, *Mark L. Earley* of Virginia, and *Christine O. Gregoire* of Washington.

cally from the permit's terms. Consequently, it set aside Scarpone's conviction.

In light of the Pennsylvania Supreme Court's decision in *Commonwealth* v. *Scarpone*, 535 Pa. 273, 634 A. 2d 1109 (1993), Fiore asked the Pennsylvania courts to reconsider his identical conviction. They denied his request. He then brought a federal habeas corpus petition in which he argued, among other things, that Pennsylvania's courts, either as a matter of Pennsylvania law or as a matter of federal constitutional law, must apply the *Scarpone* interpretation of the statute to his identical case. If this proposition of law is correct, he asserted, it would follow that the Commonwealth failed to produce any evidence at all with respect to one essential element of the crime (namely, the lack of a permit). On this reasoning, Fiore concluded that the Federal Constitution requires his release. See *Jackson* v. *Virginia*, 443 U. S. 307, 316 (1979); *In re Winship*, 397 U. S. 358, 364 (1970).

The Federal District Court granted the habeas petition, but the Court of Appeals reversed that decision. We agreed to review the appellate court's rejection of Fiore's claim. Before deciding whether the Federal Constitution requires that Fiore's conviction be set aside in light of *Scarpone*, we first must know whether Pennsylvania itself considers *Scarpone* to have explained what Pa. Stat. Ann., Tit. 35, § 6018.401(a) (Purdon 1993), always meant, or whether Pennsylvania considers *Scarpone* to have changed the law. We invoke the Pennsylvania Supreme Court's certification procedure in order to obtain that court's view of the matter. See Appendix B, *infra*.

## I

The relevant background circumstances include the following:

1. Fiore owned and operated a hazardous waste disposal facility in Pennsylvania. Scarpone was the facility's general manager. Pennsylvania authorities, while conceding that

Fiore and Scarpone possessed a permit to operate the facility, claimed that their deliberate alteration of a monitoring pipe to hide a leakage problem went so far beyond the terms of the permit that the operation took place without a permit at all. A jury convicted them both of having "operate[d] a hazardous waste storage, treatment or disposal facility" without a "permit." Pa. Stat. Ann., Tit. 35, § 6018.401(a) (Purdon 1993); see *Commonwealth* v. *Fiore*, CC No. 8508740 (Ct. Common Pleas, Allegheny Cty., Pa., Jan. 19, 1988), p. 2, App. 6 (marking date of conviction as Feb. 18, 1986). The trial court upheld the conviction, despite the existence of a permit, for, in its view, the "alterations of the . . . pipe represented such a significant departure from the terms of the existing permit that the operation of the hazardous waste facility was 'un-permitted' after the alterations were undertaken . . . ." *Id.*, at 48, App. 44.

2. Fiore appealed his conviction to the Pennsylvania Superior Court. See 42 Pa. Cons. Stat. § 742 (1998) (granting the Superior Court jurisdiction over all appeals from a final order of a court of common pleas). That court affirmed the conviction "on the basis of the opinion of the court below." *Commonwealth* v. *Fiore*, No. 00485 PGH 1988 (May 12, 1989), pp. 2–3, App. 99–100. The Pennsylvania Supreme Court denied Fiore leave to appeal on March 13, 1990; shortly thereafter, Fiore's conviction became final.

3. Fiore's codefendant, Scarpone, appealed his conviction to the Pennsylvania Commonwealth Court. See 42 Pa. Cons. Stat. § 762(a)(2)(ii) (1998) (granting the Commonwealth Court jurisdiction over appeals in regulatory criminal cases). That court noted the existence of a "valid permit," found the Commonwealth's interpretation of the statute "strained at best," and set Scarpone's conviction aside. *Scarpone* v. *Commonwealth*, 141 Pa. Commw. 560, 567, 596 A. 2d 892, 895 (1991). The court wrote:

"The alteration of the monitoring pipe was clearly a violation of the conditions of the permit. But to say that

the alteration resulted in the operation of a new facility which had not been permitted is to engage in a semantic exercise which we cannot accept. . . . [W]e will not let [the provision's] language be stretched to include activities which clearly fall in some other subsection." *Ibid.*

The Pennsylvania Supreme Court affirmed the Commonwealth Court's conclusion. It wrote:

"[T]he Commonwealth did not make out the crime of operating a waste disposal facility without a permit . . . . Simply put, Mr. Scarpone did have a permit. . . . [T]o conclude that the alteration constituted the operation of a new facility *without a permit* is a bald fiction we cannot endorse. . . . The Commonwealth Court was right in reversing Mr. Scarpone's conviction of operating without a permit when the facility clearly had one." *Commonwealth* v. *Scarpone*, 535 Pa., at 279, 634 A. 2d, at 1112.

4. Fiore again asked the Pennsylvania Supreme Court to review his case, once after that court agreed to review Scarpone's case and twice more after it decided *Scarpone.* See Appellee's Supplemental App. in No. 97–3288 (CA3), pp. 59, 61 (including docket sheets reflecting Fiore's filings on Jan. 30, 1992, Jan. 24, 1994, and Oct. 18, 1994). The court denied those requests.

5. Fiore then sought collateral relief in the state courts. The Court of Common Pleas of Allegheny County, Pa., refused to grant Fiore's petition for collateral relief—despite *Scarpone*—because "at the time of . . . conviction and direct appeals, the interpretation of the law was otherwise," and "[t]he petitioner is not entitled to a retroactive application of the interpretation of the law set forth in *Scarpone.*" *Commonwealth* v. *Fiore*, CC No. 8508740 (Aug. 18, 1994), p. 6. On appeal, the Superior Court affirmed, both because Fiore had previously litigated the claim and because Fiore's "direct appeal was no longer pending when the Supreme

Court made the ruling which [Fiore] now seeks to have applied to his case." *Commonwealth* v. *Fiore*, 445 Pa. Super. 401, 416, 665 A. 2d 1185, 1193 (1995).

6. Fiore sought federal habeas corpus relief. As we previously pointed out, *supra*, at 25, he argued that Pennsylvania had imprisoned him "for conduct which was not criminal under the statutory section charged." App. 194. The Federal District Court, acting on a Magistrate's recommendation, granted the petition. The Court of Appeals for the Third Circuit reversed, however, primarily because it believed that "state courts are under no constitutional obligation to apply their decisions retroactively." 149 F. 3d 221, 222 (1998).

7. We subsequently granted Fiore's petition for certiorari to consider whether the Fourteenth Amendment's Due Process Clause requires that his conviction be set aside.

## II

Fiore essentially claims that Pennsylvania produced no evidence whatsoever of one element of the crime, namely, that he lacked "a permit." The validity of his federal claim may depend upon whether the interpretation of the Pennsylvania Supreme Court in *Scarpone* was always the statute's meaning, even at the time of Fiore's trial. *Scarpone* marked the first time the Pennsylvania Supreme Court had interpreted the statute; previously, Pennsylvania's lower courts had been divided in their interpretation. Fiore's and Scarpone's trial court concluded that § 6018.401(a)'s "permit" requirement prohibited the operation of a hazardous waste facility in a manner that deviates from the permit's terms, and the Superior Court, in adjudicating Fiore's direct appeal, accepted the trial court's interpretation in a summary unpublished memorandum. Then, the Commonwealth Court, in Scarpone's direct appeal, specifically rejected the interpretation adopted by the Superior Court in Fiore's case. And the Pennsylvania Supreme Court in *Scarpone* set forth

its authoritative interpretation of the statute, affirming the Commonwealth Court only after Fiore's conviction became final. For that reason, we must know whether the Pennsylvania Supreme Court's construction of the statute in *Scarpone* stated the correct understanding of the statute at the time Fiore's conviction became final, or whether it changed the interpretation then applicable. Compare, *e. g.*, *Buradus* v. *General Cement Prods. Co.*, 52 A. 2d 205, 208 (Pa. 1947) (stating that "[i]n general, the construction placed upon a statute by the courts becomes a part of the act, *from the very beginning*"), with *Commonwealth* v. *Fiore, supra*, at 416–417, 665 A. 2d, at 1193; *Commonwealth* v. *Fiore*, CC No. 8508740 (Aug. 18, 1994), at 6 (refusing to apply the *Scarpone* interpretation because "at the time of [Fiore's] conviction and direct appeals, the interpretation of the law was otherwise").

## III

We certify the following question to the Pennsylvania Supreme Court pursuant to that court's Rules Regarding Certification of Questions of Pennsylvania law:

> Does the interpretation of Pa. Stat. Ann., Tit. 35, § 6018.401(a) (Purdon 1993), set forth in *Commonwealth* v. *Scarpone*, 535 Pa. 273, 279, 634 A. 2d 1109, 1112 (1993), state the correct interpretation of the law of Pennsylvania at the date Fiore's conviction became final?

We respectfully request that the Pennsylvania Supreme Court accept our certification petition because, in our view, the answer to this question will help determine the proper state-law predicate for our determination of the federal constitutional questions raised in this case.

We recommend that the Pennsylvania Supreme Court designate William Fiore (the petitioner here) as appellant and both Gregory White, Warden, and the Attorney General of the Commonwealth of Pennsylvania (the respondents here) as appellees.

The Clerk of this Court is directed to transmit to the Supreme Court of Pennsylvania a copy of this opinion and the briefs and records filed with this Court in this case. Judgment and further proceedings in this case are reserved pending our receipt of a response from the Supreme Court of Pennsylvania.

*It is so ordered.*

## APPENDIX A TO OPINION OF THE COURT

Pennsylvania Stat. Ann. § 6018.401(a) (Purdon 1993) provides:

> "No person or municipality shall store, transport, treat, or dispose of hazardous waste within this Commonwealth unless such storage, transportation, treatment, or disposal is authorized by the rules and regulations of the department; *no person or municipality shall own or operate a hazardous waste storage, treatment or disposal facility unless such person or municipality has first obtained a permit for the storage, treatment and disposal of hazardous waste from the department;* and, no person or municipality shall transport hazardous waste within the Commonwealth unless such person or municipality has first obtained a license for the transportation of hazardous waste from the department." (Emphasis added.)

Section 6018.606(f) establishes criminal penalties for a violation of § 6018.401 and provides:

> "Any person who stores, transports, treats, or disposes of hazardous waste within the Commonwealth in violation of [§ 6018.401] . . . shall be guilty of a felony of the second degree and, upon conviction, shall be sentenced to pay a fine of not less than $2,500 but not more than $100,000 per day for each violation or to imprisonment for not less than two years but not more than ten years, or both." (Footnote omitted.)

## APPENDIX B TO OPINION OF THE COURT

### "RULES REGARDING CERTIFICATION OF QUESTIONS OF PENNSYLVANIA LAW

"1. This Court will accept Certification Petitions, on a trial basis, from January 1, 1999 to January 1, 2000.

"2. Any of the following courts may file a Certification Petition with this Court:

"a. The United States Supreme Court; or

"b. Any United States Court of Appeals.

"3. A court may file a Certification Petition either on the motion of a party or *sua sponte.*

"4. A Certification Petition shall contain the following:

"a. A brief statement of the nature and stage of the proceedings in the petitioning court;

"b. A brief statement of the material facts of the case;

"c. A statement of the question or questions of Pennsylvania law to be determined;

"d. A statement of the particular reasons why this Court should accept certification; and

"e. A recommendation about which party should be designated Appellant and which Appellee in subsequent pleadings filed with this Court.

"f. The petitioning court shall attach to the Certification Petition copies of any papers filed by the parties regarding certification, e. g., a Motion for Certification, a Response thereto, a Stipulation of Facts, etc." Pa. Rules of Court, p. 745 (1999).