Stephen K. JOHNS, Appellant,

v.

Michael BOWERSOX, Superintendent of Potosi Correctional Center, Appellee.

No. 97–1637.

United States Court of Appeals, Eighth Circuit.

April 5, 2000.

## ORDER

The petition for rehearing en banc is denied. The petition for rehearing by the panel is also denied.

RICHARD S. ARNOLD, Circuit Judge, concurring.

I agree that the petition for rehearing en banc should be denied. Because I dissented from the panel opinion, this conclusion needs to be explained.

My dissent focused on the action of the Missouri Supreme Court in denying Mr. Johns's motion for recall of mandate without explanation. On its face, the action appeared to be an unexplained, and possibly arbitrary, refusal to give Mr. Johns the benefit of *State v. O'Brien,* 857 S.W.2d 212 (Mo.1993) (en banc), which overruled the Supreme Court of Missouri's decision in the *Johns* case itself. In the course of my dissent, I stated that I was not aware of any authority that would justify denying to Mr. Johns the beneficial effect of *O'Brien.*

Precisely such authority has come to my attention (as it happens, in connection with

another case) after the filing of the panel opinion and the dissent in this case. In *State v. Ferguson,* 887 S.W.2d 585 (Mo. 1994) (en banc), the Supreme Court of Missouri explained that *O'Brien* is not fully retroactive. In particular, *Ferguson* holds that *O'Brien* applies retroactively only to those cases still pending on direct appeal at the time *O'Brien* was handed down. This category does not include *Johns.* According to *Ferguson, O'Brien* does not apply retroactively to cases pending on collateral review. In these circumstances, I believe I now understand why the Missouri Supreme Court denied Mr. Johns's motion to recall the mandate. His conviction had already become final on direct appeal, and he was therefore not entitled, under *Ferguson,* to the benefit of the *O'Brien* decision.[1]

There are still uncertainties about this case. As I attempted to show in my dissenting opinion, the *O'Brien* opinion indicates that *Johns* was incorrect when decided, and *O'Brien* does not seem to announce a new principle of Missouri law. In general, a state court may decide the extent to which its own decisions are to be given retroactive effect. *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 364–66, 53 S.Ct. 145, 77 L.Ed. 360 (1932). If a state court decides that a decision is to be applied retroactively only to cases still pending on direct appeal, and not to those on collateral review, the federal Constitution does not stand as an obstacle, at least as I presently understand the law. This, or something like it, is the rule in the federal courts, see, *e.g., Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), and the Due Process Clause of the Fourteenth Amendment presumably would impose no more stringent requirements on a state. Further proceedings in *Fiore v. White,* —— U.S. ——, 120 S.Ct. 469, 145 L.Ed.2d 353 (1999), may explain or modi-

fy these principles, but for now they seem fairly well established.

All this being so, I am no longer confident of the basis for my dissenting opinion, and I vote to deny the petition for rehearing en banc.

---

**1.** *Ferguson* also makes clear that an *O'Brien* error is subject to harmless-error analysis, another proposition about which I expressed doubt in my dissent.