■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS WALSH, Appellant, v JOHN SABOURIN, as Superintendent of Bare Hill Correctional Facility, et al., Respondents. [757 NYS2d 913] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered April 2, 2002 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In July 1996, petitioner was convicted upon his plea of guilty of the crime of arson in the second degree. He was sentenced as a second felony offender to an indeterminate prison term of 6 to 12 years. The judgment of conviction was affirmed on appeal to the Second Department (*People v Walsh,* 243 AD2d 590 [1997], *lv denied* 91 NY2d 899 [1998]). Petitioner's subsequent motion pursuant to CPL article 440, by which he sought to vacate his conviction on the ground of ineffective assistance of counsel, was denied (*People v Walsh,* 253 AD2d 777 [1998], *lv dismissed* 93 NY2d 903 [1999]). In January 2002, petitioner attempted to commence this habeas corpus proceeding, seeking his release from prison on the grounds, inter alia, that his constitutional and procedural rights had been violated by the conduct of the arresting police officers. Supreme Court dismissed the application based on its finding that the proceeding was not properly commenced due to the lack of a verified petition, in violation of CPLR 7002 (c).

We affirm. Even if the procedural shortcomings in petitioner's pleadings could be overlooked, the issues raised by him in this application, e.g., that he was arrested pursuant to a defective warrant and that the grand jury lacked jurisdiction to indict him, could have been raised on his direct appeal from the judgment of conviction or in the context of his CPL article 440 motion (*see People ex rel. Murray v Goord,* 268 AD2d 827, 828 [2000], *lv denied* 94 NY2d 763 [2000]; *People ex rel. Charles v DeAngelo,* 263 AD2d 796, 797 [1999]). Under the circumstances presented here, there are no factors that would warrant a departure from these traditional orderly procedures; hence, the application for a writ of habeas corpus was properly denied (*see People ex rel. Carter v Miller,* 261 AD2d 674, 675 [1999]).

Cardona, P.J., Crew III, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.