[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 14, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-15442
Non-Argument Calendar

_____

D. C. Docket No. 04-00101-CV-5-SPM-AK

WILLIAM BERNARD CREWS,

Petitioner-Appellant,

versus

WETZEL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 14, 2005)**

Before ANDERSON, CARNES and FAY, Circuit Judges.

PER CURIAM:

William Bernard Crews, a federal prisoner proceeding pro se, appeals the denial of his petition for writ of habeas corpus, 28 U.S.C. § 2241. He argues that the district court erred in finding that he had failed to show that 28 U.S.C. § 2255 was inadequate or ineffective for testing the legality of his detention. For the reasons stated more fully below, we affirm.

Crews, serving a 188-month prison term for conspiracy to possess with intent to distribute controlled substances, 21 U.S.C. § 846, claimed in his petition that his sentence, imposed after he pled guilty, violated the Ex Post Facto Clause of the Constitution because his sentence was considered "non-paroleable" under an amended version of 21 U.S.C. § 846 that had not been operative at the time he committed his offense. Therefore, he argued the Bureau of Prisons was improperly computing his sentence by applying the non-parole provisions of a statute that should not apply to his conviction.

In his petition, Crews admitted that he had (1) never filed a direct appeal of his sentence or conviction and (2) previously filed two separate motions to vacate, alter, or amend his federal sentence pursuant to 28 U.S.C. § 2255, each time arguing that he should have been "sentenced under the old law." Both of his § 2255 motions were denied. Crews's brief in support of his petition stated that (1) he was charged with distributing cocaine base between March 12, 1986, and April

1988; (2) on April 4, 1990, he entered into a plea agreement indicating that he faced a prison term of 10 years to life; (3) on March 12, 1991, he was sentenced pursuant to U.S.S.G. § 2D1.1(a)(3) to 188 months' imprisonment; (4) his two previous § 2255 motions had been dismissed; (5) he had attempted to seek administrative relief from the Bureau of Prisons ("BOP"), arguing that his sentence should be corrected because his sentence was imposed under the "new" penalty provisions of 21 U.S.C. § 846, as amended by Congress effective November 18, 1988, instead of the "old" version of 21 U.S.C. § 846, in force at the time his conduct of conviction had ended; and (6) as a result of the BOP's continued use of the "new" instead of the "old" law, he was being rendered ineligible for parole or good time for parole in violation of his rights.

A magistrate issued a report and recommended that Crews's petition be dismissed with prejudice. The magistrate found that, on July 1, 1992, Crews had filed a § 2255 motion to vacate, claiming ineffective assistance of counsel and that he "should have been sentenced under the old law." It further found that, based on Crews's pleadings, Crews had filed a second motion or petition alleging that he should have been sentenced under the "old law," but it was impossible to discern from the documents the court had whether Crews was referring to a second § 2255 motion or a § 2241 petition that Crews had filed in the Northern District of West

3

Virginia, which was denied as a successive § 2255 motion and dismissed without prejudice.

The report found that the issue presented was whether the "savings clause" of § 2255, which permits a federal prisoner to seek § 2241 habeas relief when a motion to vacate is "inadequate or ineffective to test the legality . . . of detention," afforded Crews any relief. It found that the clause did not, as Crews's claim failed to satisfy any of the criteria for permitting a § 2241 petition under the "savings clause" of § 2255. The report concluded that Crews's claims were the same claims that previously had been presented and were all sentencing claims that either should have been presented at sentencing or direct appeal or were constitutional challenges that should have been raised in Crews's § 2255 motion. Thus, the magistrate found that Crews's petition merely sought to circumvent the restrictions imposed on successive § 2255 motions, and the savings clause did not exist for such a purpose. Therefore, the magistrate recommended that Crews's petition be dismissed with prejudice.

Crews objected to the report, arguing that he was not trying to circumvent the requirements for filing a second § 2255 motion, but that instead he was challenging the BOP's computation/execution of his sentence, a permissible basis for a § 2241 petition, citing Martorana v. United States, 873 F.2d 283, 285 (11th

4

Cir. 1989). The district court, after conducting a de novo review of the magistrate's report and Crews's objections, adopted the report and recommendation, denied Crews's petition for habeas relief, and dismissed the case with prejudice.

On appeal, Crews argues that it was improper for the district court to apply AEDPA to his claim because his initial 2255 motion was filed in 1992, before AEDPA's passage. Thus, he argues that because he was unable to file a second or successive 2255 motion claiming actual innocence of the sentence he is presently serving, any § 2255 relief is inadequate and ineffective to test the legality of his detention, and he should be permitted to file a § 2241 petition. He further contends that sentencing for conspiracies prior to the November 18, 1988, amendment was governed by United States v. Rush, 874 F.2d 1513 (11th Cir. 1989), and that any procedural default for failing to raise his claims on direct appeal or in a § 2255 motion is overcome because he is actually innocent of the sentence he agreed to in his plea agreement. Crews also argues that the sentencing provisions to which he pled in his agreement represented a version of 21 U.S.C. § 846 to which he could not have pled guilty because those sentencing provisions did not exist at the time he committed his offense. Lastly, Crews argues in his reply brief that the government's attempt to construe his § 2241 petition as a second or successive

5

§ 2255 motion should be dismissed because it would be an unfair retroactive application of AEDPA, citing In re Jones, 226 F.3d 328 (4th Cir. 2000). (Id.). He then restates his original arguments. (Id. at 2-4).

We review de novo a district court's denial of habeas relief under § 2241. Skinner v. Wiley, 355 F.3d 1293, 1294 (2004). While 28 U.S.C. § 2255 is the primary method of collateral attack for federal prisoners, it is possible for a federal prisoner to attack his conviction and sentence through § 2241 as opposed to § 2255. Pursuant to the "savings clause" of 28 U.S.C. § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 ¶ 5 (emphasis supplied). Thus, a § 2241 petition attacking custody resulting from a federally imposed sentence may only be entertained if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective. See McGhee v. Hanberry, 609 F.2d 9, 10-11 (5th Cir. 1979) (holding that a prior unsuccessful § 2255 motion is insufficient on its own to establish the ineffectiveness of § 2255 remedies). The burden of showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. Id. at 10.

6

We have held that to determine whether a § 2255 motion is inadequate or ineffective to test the legality of prisoner's detention under the "savings clause," a prisoner must show:

> (1) that [his] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Like in Wofford, Crews "had a procedural opportunity to raise . . . his claims and have [them] decided either at trial or on appeal." Id. at 1245. Therefore, under Wofford, Crews "is attempting to use § 2241 simply to escape the restrictions on second or successive § 2255 motions." Id. Crews has failed to point to any Supreme Court or Circuit decision, retroactive or otherwise, indicating that he was convicted for a non-existent crime and, therefore, actually innocent. See Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003) (applying the test from Wofford and concluding that a petitioner, under the "non-existent offense" prong must demonstrate that he is actually innocent).

However, Crews urges us to follow In re Jones, 226 F.3d 328 (4th Cir. 2000) and White v. Fiore, 523 U.S. 23, 120 S.Ct. 469, 145 L.Ed.2d 353 (1999). Neither is apposite to this case. The Fourth Circuit in Jones first addressed whether the

7

application of AEDPA's gatekeeping provisions for filing second or successive applications was impermissibly retroactive where a prisoner had filed his first § 2255 motion prior to the enactment of AEDPA. Jones, 226 F.3d at 331. The Fourth Circuit held it was not because the petitioner there failed to demonstrate any reliance on the continued existence of pre-AEDPA law or that he might have acted differently had he known that any subsequent § 2255 motion would be subject to the new gatekeeping provisions. Id. at 332. The same is true in the instant case, and the application of AEDPA's gatekeeping provisions are not impermissibly retroactive to Crews's claims.

However, applying a slightly different test than the one in Wofford, the petitioner was allowed to proceed under § 2241 because the court held that § 2255 was ineffective and inadequate to test the legality of his conviction. Id. at 333-34. The facts of Jones, however, are distinguishable in several material aspects. There, the petitioner was convicted under 18 U.S.C. § 924(c)(1) (using and carrying a firearm during and in a drug offense), filed a direct appeal, and filed a § 2255 motion prior to the passage of AEDPA. Id. at 329-30. Subsequently, the Supreme Court overruled Fourth Circuit precedent defining what the government was required to prove under the "use" prong of § 924(c)(1), but the petitioner, because of the recently enacted AEDPA, would not be able to satisfy the gatekeeping

8

provisions of § 2255 because the new rule was not one of constitutional law.[1]  See generally Jones, 226 F.3d at 330-34.  Thus, because the petitioner was "incarcerated for conduct that is not criminal" in light of the Supreme Court's holding, § 2255 was inadequate for testing the legality of the petitioner's conviction.  Id. at 334.

Unlike in Jones, Crews never filed a direct appeal, but more importantly, and fatal to his case, has pointed to no Supreme Court holding overruling and altering the conduct criminalized in his statute of conviction and, therefore, altering what the government must prove to secure a conviction under that statute, 21 U.S.C. § 846.  The legality of his conviction, therefore, is not in question and Crews cannot show, under Jones, that § 2255 is ineffective or inadequate to test the legality of his conviction.

In Fiore, a state prisoner filed a habeas petition arguing that a Pennsylvania Supreme Court decision clarified the law in existence at the time of his conviction and, under the clarified law, the state had failed to prove a necessary element of the crime for which he was convicted.  Fiore, 528 U.S. at 24-25, 120 S.Ct at 470-71.  The United States Supreme Court did not decide the case, but certified a question

---

[1] The Supreme Court decision at issue was Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995), which held that § 924(c)(1)'s "use" prong requires the government to show active employment of the firearm, not mere possession.

9

to the Pennsylvania Supreme Court to determine whether that Court's opinion at issue articulated a new rule of law or merely clarified the existing law at the time of the petitioner's conviction. Id. at 29, 120 S.Ct. at 473. The Pennsylvania Supreme Court responded, indicating that its opinion had merely clarified existing law and, therefore, the United States Supreme Court held that the petitioner's conviction was invalid because a necessary element of the crime had not been proven. Fiore v. White, 531 U.S. 225, 228-29, 121 S.Ct. 712, 714, 148 L.Ed.2d 629 (2001).

Here, Crews has failed to prove that any element of his crime of conviction was not proven by the government, nor has he demonstrated that any Court has clarified the existing law regarding the necessary elements for proving drug conspiracy charges under 21 U.S.C. § 846 in such a way as to render his conviction invalid under federal law. Therefore, Fiore is inapposite.

Finally, Crews argues that his failure to raise a direct appeal to his guilty plea, conviction, and sentence should be excused because he was "actually innocent" and, therefore, he should be permitted to pursue habeas relief under Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In Bousley, the Supreme Court held that, despite the fact that the petitioner had procedurally defaulted on his claim that his guilty plea was not knowing and

voluntary in light of the Supreme Court's pronouncement in <u>Bailey</u> (see note 1 <u>supra</u>), he could pursue habeas relief only if he proved that "the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent." <u>Bousley</u>, 523 U.S. at 623, 118 S.Ct. at 1611. Thus, the petitioner needed to demonstrate "no more than that he did not 'use' a firearm as that term is defined in <u>Bailey</u>." <u>Id.</u> at 624, 118 S.Ct. at 1612.

Like <u>Jones</u> and <u>Fiore</u>, <u>Bousley</u> is inapposite. First, the question in <u>Bousley</u> was limited to whether courts should permit post-<u>Bailey</u> collateral attacks, a challenge Crews is not making. <u>Id.</u> at 618, 118 S.Ct. at 1608-09. Second, assuming <u>arguendo</u> that <u>Bousley</u> had some applicability here, Crews's misconception is that an essential element of the crime for which he was convicted has been in some way altered by a subsequent court decision, as in all three cases he mentions. Unlike in <u>Bousley</u>, Crews has not pointed to an element of the crime of conspiracy under 21 U.S.C. § 846 that has been so altered that the government failed to properly prove the charge, making Crews actually and factually innocent of the crime with which he was charged. Lastly, because the amendment Crews alleges affected his sentence was already operative at the time of his sentencing, he cannot show cause for why no argument was ever made to the district court or an appellate court on that issue. <u>See Bousley</u>, 523 U.S. at 622, 118 S.Ct. at 1611.

11

Therefore, we conclude that Crews's habeas petition was correctly dismissed by the district court for being an impermissible attempt to circumvent the requirement for filing a second or successive motion pursuant to § 2255.

**AFFIRMED.**