■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LYNEL A. PARSONS, Appellant, v JAMES J. WALSH, as Superintendent of Sullivan Correctional Facility, Respondent. [800 NYS2d 853]—Appeal from a judgment of the Supreme Court (LaBuda, J.), entered February 2, 2005 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was convicted of murder in the second degree and criminal possession of a weapon and was sentenced to an aggregate prison term of 25 years to life. The judgment of conviction was affirmed upon appeal (*People v Parsons*, 270 AD2d 504 [2000], *lv denied* 95 NY2d 801 [2001]), and his subsequent motion pursuant to CPL article 440 and a federal writ of habeas corpus were denied. Petitioner commenced this CPLR article 70 proceeding for a writ of habeas corpus contending that the evidence adduced at trial was insufficient to sustain a conviction of depraved indifference murder. Supreme Court dismissed the petition and this appeal ensued.

Inasmuch as petitioner's claim could have been and, in fact, was raised on his direct appeal and in his CPL article 440 motion, habeas corpus relief is not available here (*see People ex rel. Woodard v Artus*, 18 AD3d 1048 [2005]; *People ex rel. Walsh v Sabourin*, 305 AD2d 759 [2003]). Nor do we find anything in this matter that warrants a departure from traditional orderly procedures (*see People ex rel. Wright v Miller*, 16 AD3d 746 [2005], *lv denied* 5 NY3d 703 [2005]; *People ex rel. Woodard v Senkowski*, 305 AD2d 879 [2003], *lv denied* 100 NY2d 511 [2003]). In any event, contrary to petitioner's suggestion, *People v Payne* (3 NY3d 266 [2004]) did not declare a retroactive change in the law but, rather, applied existing case law.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.