[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13383
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02806-ELR

TREVOR HARDAWAY,

Plaintiff-Appellant,

versus

DESHAY DICKERSON,
as a Deputy Sheriff with Dekalb County, in his official and individual capacities,
CHARLES DIX,
as a Deputy Sheriff with Dekalb County in his official and individual capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 30, 2018)

Before ED CARNES, Chief Judge, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Trevor Hardaway brought federal claims for malicious prosecution under 42 U.S.C. § 1983 and state law claims for intentional infliction of emotional distress and malicious prosecution under Ga. Code. Ann. § 51-7-40 against DeKalb County Sergeant DeShay Dickerson and Deputy Sheriff Charles Dix.  The district court granted summary judgment in favor of the officers on qualified and official immunity grounds.  This is Hardaway's appeal.

I.

Because the officers moved for summary judgment, we recite the facts in the light most favorable to Hardaway.  See Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1242–43 (11th Cir. 2001).

Early in the morning on January 1, 2013, Hardaway and his girlfriend, Kristin Calhoun, were driving home after a New Year's Eve party.  They had both been drinking, but Hardaway chose to drive because he thought he would be safer than Calhoun.  Before long they began fighting over how fast Hardaway was driving, and they were still arguing when he pulled into a gas station to refuel the car.  Calhoun told Hardaway that she would walk the rest of the way home, but before she could open the door, he reached around her waist and grabbed the door handle to keep her from leaving.  She pushed against him, struggling to get away and open the door, but he held her, placed his arms around her neck, and "mushed [her] head into the window."  Hardaway let go when he saw the officers

2

approaching.

The officers had received a tip to "go to Pump 12" where Hardaway and Calhoun were parked. As they walked toward the car, they saw that Hardaway and Calhoun were struggling and that Hardaway's arms were around Calhoun's neck.[1] Deputy Dix walked up to Hardaway's window and asked for his driver's license. Hardaway responded that it was in his back pocket, and Deputy Dix told Hardaway to get out of the car. Both officers testified that as he did, they smelled a strong odor of alcohol emanating from him, and that as Hardaway reached for his license, he began using "vulgar and obscene language" and said, "police always messing with people." One of the officers responded "you're a smart ass," grabbed Hardaway, and threw him onto the ground. The officers then handcuffed him and called EMS to look at injuries Hardaway sustained when he hit the ground.

After EMS cleared Hardaway, the officers took him to the DeKalb County Jail. Sometime later police took him to Grady Hospital, where doctors discovered that his jaw was broken in three places. He then returned to the jail, where he

---

[1] The officers claimed they saw Hardaway "choking" Calhoun inside the vehicle. Hardaway specifically denied that fact, citing Calhoun's testimony at Hardaway's criminal trial where she describes Hardaway's arms being around her neck but not restricting her breathing. That distinction is immaterial because for probable cause we are concerned with the facts as the officers knew them. See Kjellsen v. Mills, 517 F.3d 1232, 1237 (11th Cir. 2008) ("Probable cause exists when the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed an offense.") (quotation marks omitted and alterations adopted). Hardaway does not dispute that his arms were around Calhoun's neck as the officers approached, and from that fact a reasonable officer could have believed that Hardaway was choking Calhoun.

3

learned that Sergeant Dickerson had obtained criminal arrest warrants against him for family violence battery, obstruction of an officer, and public drunkenness. A jury found him not guilty on all charges.

Hardaway then filed in state court this suit against DeKalb County, Sherriff Jeffrey Mann, Sheriff Thomas Brown, and the two officers. The defendants removed the case to federal court and moved to dismiss the complaint. The district court granted that motion in part, dismissing the claims against DeKalb County and the claims against the four officers in their official capacities. That left only the claims against Sergeant Dickerson and Deputy Dix in their individual capacities.[2] The officers then moved for summary judgment, which the district court granted. Hardaway appealed.

## II.

We review de novo a grant of summary judgment. Edwards v. Shanley, 666 F.3d 1289, 1292 (11th Cir. 2012). A party is entitled to summary judgment if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## A.

Hardaway contends that the district court erred when it found that the officers are entitled to qualified immunity on his federal malicious prosecution

---

[2] Hardaway did not bring claims against Sheriff Mann and Sheriff Brown in their individual capacities.

claims because there are genuine issues of material fact about whether the officers had probable cause to arrest Hardaway.

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quotation marks omitted). To receive qualified immunity, the government official must show that he was acting within the scope of his discretionary authority at the time the incident occurred. See Durruthy v. Pastor, 351 F.3d 1080, 1087 (11th Cir. 2003). Because both parties agree that the officers were acting within the scope of their discretionary authority when they arrested Hardaway, the burden shifts to him to show that qualified immunity is inappropriate. See Oliver v. Fiorino, 586 F.3d 898, 905 (11th Cir. 2009). Qualified immunity is inappropriate if Hardaway shows that (1) the officers violated a constitutional right and (2) that right was "clearly established." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002).

Hardaway argues that the officers violated his Fourth Amendment right to be free from malicious prosecution. Kjellsen, 517 F.3d at 1237 (recognizing malicious prosecution as a violation of the Fourth Amendment and cognizable under § 1983). To establish a § 1983 malicious prosecution claim, Hardaway must prove "(1) the elements of the common law tort of malicious prosecution; and (2) a

5

violation of his Fourth Amendment right to be free from unreasonable seizures."

Grider v. City of Auburn, 618 F.3d 1240, 1256 (11th Cir. 2010).  Hardaway alleges

only one unreasonable seizure — that he was arrested without probable cause.  See

Durruthy, 351 F.3d at 1088 ("Plainly an arrest without probable cause violates

the . . . Fourth Amendment.").  That means that Hardaway's malicious prosecution

claims fail if the officers had probable cause to arrest him.

Probable cause to arrest exists "when the facts and circumstances within the

officers' knowledge, of which he or she has reasonably trustworthy information,

would cause a prudent person to believe, under the circumstances shown, that the

suspect has committed, is committing, or is about to commit an offense."  Id.

(quotation marks omitted).  Hardaway was charged with three crimes, but an arrest

is constitutional so long as the officers had probable cause to arrest "for any

offense."  Id.

The officers had probable cause to arrest Hardaway for public drunkenness.

"Whether an officer possesses probable cause . . . depends on the elements of the

alleged crime."  Brown v. City of Huntsville, 208 F.3d 724, 734 (11th Cir. 2015).

Under Georgia law, a person commits the crime of public drunkenness when he

appears "in an intoxicated condition in any public place" and that condition is

"made manifest by boisterousness, by indecent condition or act, or by vulgar,

profane, loud, or unbecoming language."  Ga. Code Ann. § 16-11-41.  Hardaway

6

admits that after drinking at a New Year's Eve party, he drove to a gas station, engaged in a physical altercation with his girlfriend, and when confronted by the police, exited the vehicle and made comments to the officers. And the officers testified, without contradiction by Hardaway, that as he exited the car, he smelled strongly of alcohol and used "vulgar and obscene language" toward them.

Hardaway asserts that the officers lacked probable cause because "the only time the plaintiff was in a public place was . . . when the officers ordered him out of the vehicle." That argument fails because Hardaway was in a "public place" so long as his actions were viewable by the public. Id. § 16-1-3(15) ("'Public place' means any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household."). That means he was in a "public place" even when he was inside the car. See Martin v. State, 662 S.E.2d 185, 188 (Ga. Ct. App. 2008) (concluding that the defendant was in a "public place" and guilty of public drunkenness when police saw him loudly playing music while drinking inside his car, which was parked on a wooded lot).

Given those undisputed facts, the officers had probable cause to arrest Hardaway for public drunkenness, and we need not decide whether they also had probable cause as to the other two charges. See Durruthy, 351 F.3d at 1088. Because Hardaway has not established an element of his malicious prosecution claims, he cannot prove a constitutional violation, and the officers are entitled to

qualified immunity. The district court did not err by granting summary judgment in favor of the officers on Hardaway's § 1983 claims.

### B.

The district court also found that the officers are entitled to official immunity on Hardaway's state law claims for intentional infliction of emotional distress and malicious prosecution. Under Georgia law, official immunity protects a public official from personal liability for discretionary actions unless they are "performed with malice or an intent to injure." Cameron v. Lang, 549 S.E.2d 341, 344 (Ga. 2001). In this context, the malice required is "actual malice," meaning a "deliberate intention to do wrong." Merrow v. Hawkins, 467 S.E.2d 336, 391 (Ga. 1996). And "intent to injure" requires an "actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury." Kidd v. Coates, 518 S.E.2d 124, 125 (Ga. 1999).

Hardaway argues that we can infer malice from the fact that the officers arrested him without probable cause. That argument fails because the officers had probable cause to arrest him. Hardaway also argues that the officers intended to injure him when they handcuffed him on the ground, but he has pointed to no facts suggesting that the officers meant to break his jaw. Instead the undisputed facts suggest that the officers intended only to handcuff and detain a man that they had probable cause to arrest. Because Hardaway has not shown a genuine issue about

8

whether the officers acted with malice or an intent to injure, the officers are entitled to official immunity.  The district court did not err by granting summary judgment in their favor on Hardaway's state law claims.

**AFFIRMED.**