■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD CHRISTIANSON, Appellant, v CARL D. BERRY, as Superintendent of Woodbourne Correctional Facility, Respondent.—Kane, J. P. Appeal from three judgments of the Supreme Court

(Hanofee, J.), entered July 12, 1989 in Sullivan County, which denied petitioner's applications for a writ of habeas corpus, in proceedings pursuant to CPLR article 70, without hearings.

Petitioner was convicted of second degree murder in 1964 and sentenced to a term of 20 years' to life imprisonment. He was released on parole in 1975. In 1977, petitioner was convicted of second degree kidnapping and second degree criminal possession of a weapon for which he was sentenced to concurrent prison terms of 12½ to 25 years and 7½ to 15 years, respectively. These terms were to run consecutive to the 1964 murder sentence. Since then petitioner has initiated three petitions seeking a writ of habeas corpus, all of which were dismissed by Supreme Court as either fatally defective or involving issues unreviewable in a habeas corpus proceeding. Petitioner has appealed.

We affirm. Petitioner's application for a writ of habeas corpus dated January 17, 1989 failed to state the nature of petitioner's allegedly illegal detention and failed to indicate petitioner's previous applications for habeas corpus relief. As such, the petition was properly denied as fatally defective (see, CPLR 7002 [c] [5], [6]). The remaining two petitions were also properly denied inasmuch as they assert no issue which could not have been raised on direct appeal by petitioner or in a CPL article 440 proceeding (see, People ex rel. Abdul-Matiyn v LeFevre, 150 AD2d 891). We also reject petitioner's remaining contentions as meritless, including his argument that Supreme Court entered its judgments prematurely or that petitioner was erroneously denied an evidentiary hearing (see, People ex rel. Robertson v New York State Div. of Parole, 67 NY2d 197, 203).

Judgments affirmed, without costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.