■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. IGNACIO REYNOSO, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [722 NYS2d 428] —Appeal from a judgment of the Supreme Court (Castellino, J.), entered June 14, 2000 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner's request for parole release was denied in May 1999. Petitioner claims to have unsuccessfully appealed the Board of Parole's determination, although the record contains no administrative appeal papers. Petitioner thereafter commenced this CPLR article 70 proceeding seeking a writ of habeas corpus. He challenges the denial of his parole release, claiming that his requests for parole were denied based, in large part, upon an inaccurate account of his institutional record. Specifically, petitioner asserts that a 36-month confinement penalty following a prison disciplinary hearing resulted from inappropriate treatment and widespread retaliation and conspiracy. Supreme Court denied the application and dismissed the petition and we affirm.

Initially, we note that petitioner's application for a writ of habeas corpus is defective in that it fails to strictly comply with the mandates of CPLR 7002 (c) (*see, People ex rel. Christianson v Berry*, 165 AD2d 961, *lv denied* 77 NY2d 805). Furthermore, even if meritorious, petitioner's assertion regarding the accuracy of his institutional record would not entitle him to immediate release and, therefore, habeas corpus is an inappropriate remedy (*see, People ex rel. Sansalone v Schriver*,

252 AD2d 605). To the extent that petitioner attempts to challenge the merits of any prior prison disciplinary determinations, they are not properly the subject of this habeas corpus proceeding.

Mercure, J. P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.