■ In the Matter of RAFAEL ALMONTE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. (Proceeding No. 1.) THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAFAEL ALMONTE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. (Proceeding No. 2.) [768 NYS2d 861]—Appeals (1) from a judgment of the Supreme Court (Spargo, J.), entered February 5, 2003 in Albany County, which dismissed petitioner's application, in proceeding No. 1 pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release, and (2) from a judgment of said court (Feldstein, J.), entered May 7, 2003 in Clinton County, which dismissed petitioner's application, in proceeding No. 2 pursuant to CPLR article 70, for a writ of habeas corpus, without a hearing.

In April 2001, petitioner appeared before the Board of Parole, which denied his request for release. Thereafter, in July 2002, petitioner commenced the instant CPLR article 78 proceeding seeking to review the Board's April 2000 determination. In the

---

* An amended petition was filed April 25, 2002.

interim, in May 2002, petitioner again appeared before the Board, and his request for parole release again was denied. As a result, by judgment entered February 5, 2003, Supreme Court granted respondent's motion to dismiss the petition as moot. This judgment is affirmed as the Board's May 2002 determination clearly rendered moot petitioner's proceeding challenging the Board's April 2001 determination (*see Matter of Mendoza v Travis*, 306 AD2d 724 [2003]; *Matter of Boddie v New York State Div. of Parole*, 306 AD2d 661 [2003]).

In March 2003, petitioner filed an application for a writ of habeas corpus (*see* CPLR art 70), which was dismissed by Supreme Court sua sponte. A habeas corpus proceeding is not an appropriate means by which to challenge a determination denying parole; hence, Supreme Court's dismissal of the petition was appropriate (*see People ex rel. Reynoso v McGinnis*, 282 AD2d 788 [2001], *lv denied* 96 NY2d 718 [2001]).

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgments are affirmed, without costs.