## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 17, 2016          520521
_____

THE PEOPLE OF THE STATE OF
   NEW YORK ex rel. NAKIA
   CHANEY,
              Appellant,

     v                          MEMORANDUM AND ORDER

DOMINIC DAGOSTINO, as
   Schenectady County Sheriff,
   et al.,
              Respondents.
_____


Calendar Date:  January 19, 2016

Before:  McCarthy, J.P., Garry, Egan Jr. and Rose, JJ.

_____

    Nakia Chaney, Johnstown, appellant pro se.

_____


    Appeal from a judgment of the Supreme Court (Caruso, J.) entered January 15, 2015 in Schenectady County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

    Petitioner commenced this habeas corpus proceeding claiming to be illegally detained at the Schenectady County Correctional Facility.  Supreme Court dismissed petitioner's application based upon petitioner's failure to satisfy the pleading requirements, including his failure to verify the petition and to attach to it the mandate under which he was detained or an explanation for why that mandate could not be obtained (see CPLR 7002 [c]).  This appeal followed, and we affirm.

    Having reviewed the record, we agree with Supreme Court, which is bound by the record before it, that the petition is

defective for failing to strictly comply with the requirements of CPLR 7002 (c) (see People ex rel. Reynoso v McGinnis, 282 AD2d 788, 788 [2001], lv denied 96 NY2d 718 [2001]; People ex rel. Fisher v Stinson, 232 AD2d 697, 697 [1996], appeal dismissed 89 NY2d 915 [1996]) inasmuch as the petition was not verified (see CPLR 7002 [c]; People ex rel. Kearney v Bartlett, 131 AD3d 1313, 1314 [2015]; People ex rel. Walsh v Sabourin, 305 AD2d 759, 759 [2003]) and failed to attach or annex to it the mandate under which petitioner is detained or an explanation for why a copy of that mandate could not be obtained (see CPLR 7002 [c] [1]; People ex rel. Medina v Senkowski, 265 AD2d 779, 779 [1999]).  Nor did petitioner's request to amend or supplement his petition include a copy of the mandate or an explanation for his failure to produce it.  The remaining issues advanced by petitioner are inappropriate in the context of a habeas corpus proceeding because they could have been advanced on either his direct appeal or in a CPL article 440 motion (see People ex rel. Allen v Maribel, 107 AD3d 831, 832 [2013], lv denied 22 NY3d 853 [2013]; People ex rel. Backman v Walsh, 101 AD3d 1316, 1316 [2012], lv denied 20 NY3d 863 [2013], cert denied ___ US ___, 134 S Ct 84 [2013]).

McCarthy, J.P., Garry, Egan Jr. and Rose, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court