■ In the Matter of CLARENCE GOURDINE, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [56 NYS3d 353]—

Appeal from a judgment of the Supreme Court (Ceresia, J.), entered August 18, 2015 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Defendant was convicted of various crimes, including murder in the second degree and sodomy in the first degree (three counts), and is serving an aggregate prison term of 21 years to life (*People v Gourdine*, 188 AD2d 741 [1992], *lv denied* 81 NY2d 886 [1993]). In May 2013, petitioner appeared before respondent and his request for release to parole supervision was denied. Petitioner commenced this CPLR article 78 proceeding challenging the denial of parole in 2015. Shortly thereafter, petitioner reappeared before respondent and, by decision dated May 19, 2015, respondent again denied his request for parole release. Respondent then moved to dismiss the present petition as moot. Supreme Court granted respondent's motion to dismiss, which petitioner did not oppose. Petitioner now appeals.

We affirm. Petitioner's reappearance before respondent in May 2015, at which his request for parole was denied, rendered moot his challenge to respondent's denial of his prior request for parole in May 2013 (*see Matter of Escobar v New York State Bd. of Parole*, 145 AD3d 1284, 1285 [2016]; *Matter of Almonte v New York State Div. of Parole*, 2 AD3d 1239, 1240 [2003], *appeals dismissed* 2 NY3d 758 [2004]). Petitioner now contends that the issues raised in his petition fall within the narrow exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). However, petitioner did not oppose respondent's motion to dismiss in Supreme Court, and his claim is not preserved for our review (*see Rosen v Mosby*, 148 AD3d 1228, 1233 [2017]).

Peters, P.J., Garry, Rose, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed, without costs.