Matter of Roesch v State of New York (2020 NY Slip Op 05642)





Matter of Roesch v State of New York


2020 NY Slip Op 05642


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


630.4 CA 19-00873

[*1]IN THE MATTER OF JOSEPH ROESCH, PETITIONER-APPELLANT,
v
STATE OF NEW YORK, RESPONDENT-RESPONDENT. 






JOSEPH ROESCH, PETITIONER-APPELLANT PRO SE. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Erin P. Gall, J.), entered March 1, 2019 in a CPLR article 78 proceeding. The judgment denied petitioner's application for poor person status and dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, a resident at Central New York Psychiatric Center, commenced this CPLR article 78 proceeding seeking the assignment of counsel to represent him. He appeals from a judgment in which Supreme Court, inter alia, dismissed the petition sua sponte. Initially, we note that, although denominated an order, the court's determination dismissing the petition is properly a judgment (see CPLR 7806) and, despite the fact that the judgment was entered sua sponte, the appeal from the judgment is properly before us inasmuch as "[a]n appeal may be taken to the appellate division as of right in an action, originating in the [S]upreme [C]ourt or any [C]ounty [C]ourt . . . from any final or interlocutory judgment" (CPLR 5701 [a] [1]; cf. Sholes v Meagher, 100 NY2d 333, 335 and n 1 [2003]; see generally Matter of Associated Gen. Contrs. of NYS, LLC v New York State Thruway Auth., 159 AD3d 1560, 1560 [4th Dept 2018]). Nevertheless, we affirm.
Although "[u]se of the [sua sponte] power of dismissal must be restricted to the most extraordinary circumstances" (Associated Gen. Contrs. of NYS, LLC, 159 AD3d at 1560 [internal quotation marks omitted]), such circumstances exist here (see generally Matter of Almonte v New York State Div. of Parole, 2 AD3d 1239, 1240 [3d Dept 2003], lv dismissed 2 NY3d 758 [2004]). The instant petition seeks only the assignment of counsel, and sets forth no cause of action upon which any other relief is sought. Moreover, there is no indication in the petition that this respondent is responsible for any of the litany of wrongdoing that petitioner wishes an attorney to investigate, nor does the petition allege that there is a pending action in which the assignment of counsel might be justified. Consequently, we conclude that "the petition is wholly without merit inasmuch as petitioner is not entitled to [the] relief" he seeks (Matter of Monroe County Fedn. of Social Workers, IUE-CWA Local 381 v Stander, 169 AD3d 1479, 1480 [4th Dept 2019]) and, "[u]nder these circumstances, [the court] properly dismissed the petition" (Matter of Richards v Cuomo, 88 AD3d 1043, 1044 [3d Dept 2011], lv dismissed 18 NY3d 830 [2011]; see generally Matter of Escalera v State of New York, 67 AD3d 1137, 1137-1138 [3d Dept 2009]). Furthermore, "the court did not abuse its discretion in denying [petitioner's] application to proceed as a poor person because the [CPLR article 78] petition does not have arguable merit" (People ex rel. Charles B. v McCulloch, 155 AD3d 1559, 1560 [4th Dept 2017], lv denied 31 NY3d 906 [2018] [internal quotation marks omitted]; see Jefferson v Stubbe, 107 AD3d 1424, 1424 [4th Dept 2013], appeal dismissed and lv denied 22 NY3d 928 [2013]; cf. Popal v Slovis, 82 AD3d 1670, 1671 [4th Dept 2011], lv dismissed 17 NY3d 842 [2011]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court